1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| TERRANCE HEMPHILL, | Case No.  1:12-cv-00630-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| MATTHEW CATE, et al., | ECF NO. 1 |
| Defendants. | |

17

## I.

18

### INTRODUCTION

19       Plaintiff Terrance Hemphill ("Plaintiff") is a state prisoner proceeding pro se and in

20 forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint

21 in this action on April 20, 2012.  (ECF No. 1.)

22       For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any

23 cognizable claims.  The Court will dismiss Plaintiff's claims, with leave to amend.

24

## II.

25

### SCREENING

26       The Court is required to screen complaints brought by prisoners seeking relief against a

27 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

28 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

1  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or
2  that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §
3  1915(e)(2)(B).

4      A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
8  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
9  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
10 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

11     Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings
12 liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d
13 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be
14 facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer
15 that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss
16 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant
17 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's
18 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572
19 F.3d at 969.

20                                          **III.**

21                              **PLAINTIFF'S COMPLAINT**

22     The events described in Plaintiff's complaint took place while he was incarcerated at
23 Pleasant Valley State Prison in Coalinga, California ("PVSP").  Plaintiff names Matthew Cate
24 (secretary of CDCR), James A. Yates (warden), Robert H. Trimble (former warden), Felix
25 Igbinosa (chief medical officer), G. Brumbaugh (correctional officer) and Does 1-3 as defendants
26 in this action (all defendants collectively referred to as "Defendants").

27     Plaintiff alleges that the area surrounding PVSP is a Valley Fever "hot spot" with a high
28 infection rate.  (Compl. ¶ 19.)  Plaintiff further alleges that African Americans are the most

1    vulnerable to contracting serious symptoms from Valley Fever.  (Compl. ¶ 17.)  Plaintiff is

2    African American.  (Compl. ¶ 31.)  Plaintiff alleges that Valley Fever spreads when it is inhaled

3    from airborne soil caused by construction, natural disasters, or wind.  (Compl. ¶ 12.)

4           Plaintiff alleges that internal reports within CDCR acknowledged that African Americans

5    are particularly susceptible to Valley Fever and recommended that susceptible inmates should be

6    excluded from high risk areas such as PVSP.  (Compl. ¶¶ 23-24.)  Plaintiff further alleges that

7    CDCR recommended that prison officials should take extra precautions such as planting grass or

8    ground cover over areas of open dirt, using protective masks and wetting the ground when

9    digging, and providing inmates with protective masks.  (Compl. ¶ 24.)  Plaintiff contends that

10   prison officials failed to comply with these recommendations.  (Compl. ¶ 25.)

11          Plaintiff alleges that Defendants Yates, Trimble and Igbinosa made weekly visits to

12   PVSP and were aware of the open areas of uncovered dirt and dust clouds.  (Compl. ¶ 27.)

13   Plaintiff further alleges that Igbinosa issued a policy whereby Plaintiff would be unable to obtain

14   a protective mask.  (Compl. ¶ 27.)  Plaintiff alleges that Defendant Cate also visited PVSP and

15   was generally aware of the areas of uncovered dirt around PVSP.  (Compl. ¶ 28.)

16          On one occasion on September 9, 2010, Plaintiff noticed that an inmate yard work crew

17   was conducting a landscaping project which included digging into the ground.  (Compl. ¶ 32.)

18   Plaintiff told Defendant Brumbaugh that the ground should be wetted down first for safety

19   reasons, but Brumbaugh refused to comply.  (Compl. ¶ 33.)  Plaintiff also expressed concerns to

20   Defendants Does 1, 2 and 3, but was ignored.  (Compl. ¶¶ 35-36.)

21          On December 1, 2010, Plaintiff tested positive for Valley Fever.  (Compl. ¶ 39.)  Plaintiff

22   further alleges that he suffered from symptoms such as lost weight, severe back pain, abscesses

23   in his spine, abdominal numbness and headaches.  (Compl. ¶¶ 40-43.)

24                                              **IV.**

25                                        **DISCUSSION**

26          Plaintiff contends that Defendants violated his rights under the Eighth Amendment's

27   Cruel and Unusual Punishments Clause.  To constitute cruel and unusual punishment in violation

28   of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary

infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted). Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.] In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Id. A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Plaintiff alleges that Defendants Yates, Trimble, Igbinosa and Cate were aware, from their visits to PVSP, that PVSP prison officials were not complying with CDCR recommendations that open dirt areas be covered with grass or other ground cover. However, this allegation is insufficient to plausibly support the conclusion that Yates, Trimble, Igbinosa or Cate acted with deliberate indifference. Plaintiff does not allege any facts that plausibly support the conclusion that these supervisory officials were aware of a specific threat of serious harm to Plaintiff. Plaintiff does not allege that any of these supervisory officials specifically knew that Plaintiff was housed at PVSP in excessively unsafe conditions despite his susceptibility to Valley Fever. Given their rank and detachment from the day-to-day operations at PVSP, Plaintiff alleges no facts that plausibly support the conclusion that they knowingly disregarded an excessive risk to Plaintiff's health.

Plaintiff's allegations only establish that these supervisory officials were aware that open dirt areas existed around PVSP. Plaintiff's allegations are not sufficient to establish that they actually believed that the conditions posed an excessive risk of harm. Notably, Plaintiff alleges that Defendants Yates, Trimble, Igbinosa and Cate visited PVSP and exposed themselves to the same conditions that Plaintiff faced, which contradicts any contention that Defendants actually, subjectively believed that the conditions at PVSP posed a substantial risk of serious harm. In order to state a plausible claim for relief, Plaintiff must allege facts that plausibly demonstrate

1    that Defendants actually believed a substantial risk of serious harm existed, despite being
2    exposed to the same harm themselves.

3        Plaintiff vaguely alleges that Igbinosa implemented a prison policy that somehow
4    prevented Plaintiff from obtaining a safety mask.  However, Plaintiff does not allege any facts
5    that plausibly support the conclusion that Igbinosa knowingly disregarded a substantial risk to
6    Plaintiff's health in implementing this policy.  Plaintiff does not describe this policy in any detail
7    or explain how it operated to prevent Plaintiff from obtaining a safety mask.  It is unclear
8    whether the policy specifically targeted safety masks as a prohibited item at prison, or whether
9    safety masks were simply excluded from the list of permissible items.  It is unclear whether this
10   policy had any specific connection with the Valley Fever risk, or if Igbinosa otherwise had the
11   Valley Fever risk in mind when implementing the policy.  Accordingly, the facts alleged do not
12   support the conclusion that Igbinosa acted with deliberate indifference.

13       Plaintiff fails to allege any facts that plausibly support the conclusion that Defendant
14   Brumbaugh or Does 1-3 acted with deliberate indifference.  Plaintiff claims that Brumbaugh and
15   Does 1-3 refused Plaintiff's request to wet the ground before allowing inmates to dig during a
16   landscaping project, but Plaintiff also alleges that these Brumbaugh and Does 1-3 believed that
17   such actions were not necessary because their superiors told them it was unnecessary.  Plaintiff
18   alleges that Brumbaugh and Does 1-3 did not believe there was any risk, which is further
19   evidenced by the fact that they would have been exposed to the same dusty conditions as
20   Plaintiff, yet still chose not to wet the ground.

21       Based upon the foregoing, Plaintiff fails to state any cognizable claims for the violation
22   of his rights under the Eighth Amendment.

23                                        **V.**

24                          **CONCLUSION AND ORDER**

25       For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any
26   cognizable claims.  Plaintiff is granted leave to file a First Amended Complaint within thirty
27   days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the
28   nature of this suit by adding new, unrelated claims in his First Amended Complaint.  George v.

Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's First Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. at 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, any amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.	The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.	Plaintiff's complaint, dated April 20, 2012, is dismissed for failure to state a claim upon which relief may be granted;

3.	If Plaintiff wishes to amend, he must file a First Amended Complaint within **thirty (30) days** from the date of service of this order; and

4.	If Plaintiff fails to file a First Amended Complaint, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 10, 2013**

_____
UNITED STATES MAGISTRATE JUDGE